Jason M. GREGOR, Respondent,

v.

Casey D. CLARK, et al., Defendants,

Susan K. Eiler, Appellant.

No. C9-96-1968.

Court of Appeals of Minnesota.

April 1, 1997.

Donald H. Walser, Kraft, Walser, Nelson, Hettig & Honsey, P.L.L.P., Hutchinson, for Respondent.

Ronald C. Anderson, Hulstrand, Anderson, Larson, Hanson & Saunders, P.L.L.P., Willmar, for Appellant.

Considered and decided by LANSING, P.J., and CRIPPEN and PETERSON, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Susan K. Eiler, one of two parties found able to pay on a judgment, contends that paying parties are not responsible for the entire judgment debt of the nonpaying tortfeasors. The trial court reallocated all uncollectible judgment debt between appellant and the other paying tortfeasor. We affirm.

## FACTS

Following a jury verdict for respondent in a battery and negligence action, the trial court found the seven defendants jointly and severally liable and held appellant six percent responsible for respondent's damages. The court apportioned fault and damages as follows:

| | | |
|---|---|---|
| Casey D. Clark | 36% | $139,498.55 |
| Christopher J. Schulte | 36% | $139,528.34 |
| Jason M. Schulte | 6% | $ 23,768.15 |
| Terry A. Behm | 6% | $ 23,768.15 |
| Aaron Markgraf | 4% | $ 16,021.01 |
| Appellant | 6% | $ 23,738.36 |
| David W. Olinger | 6% | $ 23,768.36 |

Appellant paid her judgment of $23,738.36. Because none of the other defendants, except Olinger, could pay their judgments, respondent moved for a reallocation. The trial court concluded that the sum of the uncollectible obligations, $342,584.20, was to be reallocated between appellant and Olinger, the paying tortfeasors. Because appellant and Olinger were equally responsible for six percent shares, the court divided the uncollectible debt into two equal parts, which were then capped at the maximum reallocation liability for any tortfeasor with assessed fault of 15 percent or less.[1]

---

1. After dividing $342,584.20 by two, the trial court apportioned $171,292.10 each to appellant and Olinger. Applying Minn.Stat. § 604.02, subd. 1 (1996), which limits the liability of persons whose fault is 15% or less for the whole award to four times their percentage of fault, the

## ANALYSIS

Under Minn.Stat. § 604.02 (1996), a court shall apportion each joint obligor's contribution "in proportion to the percentage of fault attributable to each," although each remains "jointly and severally liable for the whole award." *Id.*, subd. 1. Subdivision 2 provides that upon a motion, a court "shall determine whether all or part of a party's equitable share of the obligation is uncollectible from that party" and that the court "shall reallocate any uncollectible amount among the other parties * * * according to their respective percentages of fault." *Id.*, subd. 2. Following the import of subdivision 2, the trial court engaged in a simple calculation in which it reallocated the entire uncollectible judgment debt to the paying parties.

Appellant attempts to avoid the clear meaning of subdivision 2 by contending that a court should apportion some portion of the uncollectible judgment of each tortfeasor to all other tortfeasors, including other nonpaying tortfeasors. Although appellant's approach produces a much more difficult calculation than the method employed by the trial court, the statute does not preclude such a separate reallocation of each uncollectible obligation. But appellant poses her argument with an unstated and unacceptable corollary that any uncollectible portion reallocated to a nonpaying tortfeasor is not reallocated again and, thus, is absolutely uncollectible. Subdivision 2 does not permit such a result because it calls for the court to reallocate "any uncollectible amount," which necessarily must include any uncollectible obligations reallocated from one nonpaying tortfeasor to another nonpaying tortfeasor. *Id.*

As the trial court determined, a court must reallocate all uncollectible obligations among tortfeasors who can pay. No part of any single uncollectible obligation is absolutely uncollectible if it is reallocated to another uncollectible part of the judgment because all uncollectible portions ultimately must be reallocated to the paying tortfeasors. Under appellant's manner of calculation, reallocation of the reallocated yet still uncollectible judgment to paying tortfeasors would never occur.[2]

Appellant suggests that *Frederickson v. Alton M. Johnson Co.*, 402 N.W.2d 794, 797–98 (Minn.1987), supports her reallocation method. But *Frederickson* involved a situation where a court included a party, who had settled prior to trial, in the calculation for reallocating one defendant's uncollectible judgment. *Id.* Because the obligation of a settling tortfeasor is not uncollectible, *Frederickson* has no bearing on the issue in this case.

## DECISION

The trial court properly reallocated the entire uncollectible judgment debt of the nonpaying tortfeasors between the jointly and severally liable tortfeasors who were able to pay their judgments.

**Affirmed.**

court restricted appellant's liability to $93,621.82, which is 24 percent of the whole $390,090.92 award. After deducting the $23,738.36 that appellant already had paid, the court ordered her to pay $69,883.46.

2. The result of separate and repeated reallocations is no different from the trial court's simple calculation of reallocating all uncollectible obligations between appellant and Olinger, the two paying tortfeasors. Moreover, the trial court's simpler approach is consistent with the language of the reallocation statute. Applying a canon of statutory interpretation, Minn.Stat. § 604.02, subd. 2, permits a court to reallocate "any uncollectible amount[s]" of the "part[ies'] equitable share[s] * * * among the other parties." Minn. Stat. § 645.08(2) (1996) ("The singular includes the plural; and the plural, the singular * * *."); *In re D & A Truck Line, Inc.*, 524 N.W.2d 1, 8 (Minn.App.1994) ("The legislature is presumed to be aware of this canon.").